

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 30, 1974

The Honorable Carlos F. Truan
Chairman, Committee on Human Resources
House of Representatives
Austin, Texas 78767

Opinion No. H- 437

Re:  State share in aid to
dependent children
under Art. 3, Sec. 51-a
of the Texas Constitution
and Art. 695c, V. T. C. S.

Dear Representative Truan:

On behalf of the Committee on Human Resources of the House of
Representatives you have asked our opinion on three questions having to
do with the interrelationship of federal funds and state contributions for
welfare payments under Article 3, Sec. 51-a, Texas Constitution and
Article 695c, Sec. 4, V. T. C. S. Paraphrasing, they are:

(1) Does the Legislature have the authority to
authorize a matching formula of 50% state dollars
with 50% federal dollars for individual grants to
recipients of Aid to Families with Dependent Children?

(2) Has the Legislature required any minimum
percentage of matching federal funds for AFDC?

(3) Has the Legislature empowered the State
Department of Public Welfare to prescribe policies
by rules and regulations amending state statutes
in order to acquire matching federal dollars to the
fullest extent possible if the state statutes are not
found to be in conflict with federal statutes and regu-
lations?

Section 51-a, Article 3, in part, provides:

The Legislature shall have the power, by
General Laws, to provide, subject to limitations
herein contained, and such other limitations,

restrictions and regulations as may by the Legislature be deemed expedient, *for assistance grants to and/or medical care for,* and for rehabilitation and any other services included in the federal laws as they now read or as they may hereafter be amended, providing matching funds to help such families and individuals attain or retain capability for independence or self-care, and for the payment of *assistance grants to and/or medical care for,* and for rehabilitation and other services to or on behalf of:

> (1)  Needy aged persons . . .
>
> (2)  Needy individuals who are totally and permanently disabled . . .
>
> (3)  Needy blind persons; . . .
>
> (4)  Needy dependent children and the caretakers of such children.

The Legislature may prescribe such other eligibility requirements for participation in these programs as it deems appropriate.

The Legislature shall have authority to enact appropriate legislation which will enable the State of Texas to cooperate with the Government of the United States in providing assistance to and/or medical care on behalf of needy persons . . . provided that the maximum amount paid out of state funds to or on behalf of any needy person shall not exceed the amount that is matchable out of federal funds . . .

Provided further, that if the limitations and restrictions herein contained are found to be in conflict with the provisions of appropriate federal statutes, as they now are or as they may be amended to the extent that federal matching money is not available to the state for

these purposes, then and in that event the Legis-
lature is specifically authorized and empowered
to prescribe such limitations and restrictions
and enact such laws as may be necessary in order
that such federal matching money will be avail-
able for assistance and/or medical care for or on
behalf of needy persons.

Article 695c, V. T. C. S., the Public Welfare Act of 1941, in Sec. 4
thereof, delineates the powers and responsibilities of the State Department
of Public Welfare in the administration of welfare activities of the State.
It provides, in Subsection (12):

Notwithstanding any other . . . law, the State
Department of Public Welfare is authorized and em-
powered, . . . in order that Federal matching money
will be avilable for  public welfare programs . . .
to extend the scope of the public welfare programs
and the  services provided . . . so as to include , . . .
the entire range of public welfare assistance and/or
services . . . as may be prescribed or authorized
under Federal laws and rules and regulations, as
they now are or as they may hereafter be amended.

. . .

If any portion of the public welfare laws or amend-
ments thereto are found to be in conflict with the pro-
visions of the appropriate Federal statutes, as they
now are or as they may hereafter be amended, then
and in that event, the State Department of Public
Welfare is specifically authorized and empowered
to prescribe by means of rules and regulations
such policies as may be necessary in order that the
State may receive and expend Federal matching funds
to the fullest extent possible within the Constitutional
provisions relating to public welfare and in accordance
with the provisions of this Act and the Federal statutes
as they now are or as they may hereafter be amended
and within the limits of appropriated funds.

By amendments to the federal laws in 1972, most welfare programs based on federal matching funds were repealed as of January 1, 1974. P. L. 92-603, Sec. 303(a), p. 1737 (1972). However, although the federal laws (42 U.S.C. Sec. 601, et seq.) providing for grants to states for aid to needy families with dependent children were amended [P. L. 92-603, Sec. 299E(e), p. 1711, for example], that program of matching federal and state funds was not repealed.

Our answers to your questions are based on the law as it has existed both before and after the adoption of P. L. 92-603. To your first question we answer that the Legislature does have authority to enact legislation authorizing a matching formula of 50% state dollars with 50% federal dollars for grants for and to needy families with dependent children.

As to your second question, it is our opinion that Article 695c, Sec. 4(12), quoted above, was designed to take maximum advantage of the federal program. We are unable to discern any statutory limitation on the minimum percentage of matching federal funds for AFDC.

Your third question involves the rule-making authority of the Department of Public Welfare in instances where state and federal law do not conflict.

It is our conclusion that the Legislature has not attempted to empower the Department of Public Welfare to prescribe policies by rules and regulations altering the effect of state statutes if a conflict does not exist between state statutes and federal statutes or regulations which would deprive the state of federal funds were the conflict not resolved.

Your third question is narrow and this response is limited accordingly. We do not pass upon the scope or the validity of any delegation of power which the Legislature has made to the Department of Public Welfare.

## SUMMARY

The Legislature has the authority to enact welfare legislation which utilizes a formula of matching dollar for dollar all federal funds available for individual grants to recipients of Aid to Families with Dependent Children. The Legislature has not attempted to empower

the Department of Public Welfare to prescribe
policies by rules and regulations altering the
effect of state statutes if a conflict does not
exist between state statutes and federal statutes
or regulations which would deprive the state of
federal funds were the conflict not resolved.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee